UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A.R. ARENA PRODUCTS, INC., | ) | CASE NO. 5:11CV01911 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| GRAYLING INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court during a telephone conference on July 10, 2012. This Order supplements the oral orders set forth by the Court during that conference.

1. Plaintiff A.R. Arena Products, Inc.'s Motion to Require and Direct Defendant to Comply with Local Patent Rules 3.3 and 3.4 (Doc. 31) is GRANTED IN PART and DENIED IN PART. Defendant Grayling Industries, Inc.'s Motion for Leave to File a Reply Brief to Plaintiff's Supplemental Brief in Opposition to Plaintiff's Motion to Require and Direct Defendant to Comply with Local Patent Rules 3.3 and 3.4 (Doc. 55) is GRANTED.

2. Plaintiff A.R. Arena Products, Inc.'s Motion for Sanctions by Reason of Misconduct in Claim Construction Proceedings (Doc. 68) is DENIED.

3. Plaintiff A.R. Arena Products, Inc.'s Motion to Reallocate Costs of the Special Master to Defendant Grayling Industries, Inc. (Doc. 69) is GRANTED.

4. Plaintiff A.R. Arena Products, Inc.'s Motion for Oral Argument (Doc. 83) is DENIED.

I

On January 6, 2012, Plaintiff moved to require defendant to comply with Local Patent Rules 3.3 and 3.4. Doc. 31. Defendant opposed the motion, Doc. 32, and Plaintiff replied in support of its motion, Doc. 33. The Court appointed David Cohen as Special Master to review the briefing on Plaintiff's motion and provide a report and recommendation to the Court. Doc. 37. Considering whether the Plaintiff's motion had become moot, Special Master Cohen ordered the parties to file supplemental briefs. Doc. 44. Defendant filed a supplemental brief on March 16, 2012. Doc. 46. Plaintiff then filed its own supplemental brief on March 26, 2012. Doc. 51. On April 3, 2012, Defendant moved for leave to file another supplemental brief. Doc. 55. The Court hereby GRANTS Defendant's motion and has considered the supplemental brief in its decision.

On April 30, 2012, Special Master Cohen submitted his First Report and Recommendation in which he recommended denying as moot Plaintiff's motion to compel Grayling to comply with Local Patent Rules 3.3 and 3.4. Doc. 60. Special Master Cohen also recommended granting Plaintiff's request for attorney's fees in part, and recommended that the Court order Grayling to pay Arena $5,000 in attorney's fees. Plaintiff objected to the Report and Recommendation. Doc. 67. Defendant opposed Plaintiff's objections (Doc. 73), and Plaintiff replied in support (Doc. 80).

Upon review of the matter, the Court hereby adopts in part the recommendation of Special Master Cohen. After a long struggle and numerous briefing by the parties, Defendant has complied with Local Patent Rules 3.3 and 3.4. The Court adopts Section

III.A. and III.B. of the Special Master's Report and Recommendation. Because Defendant has finally complied with the requirements of Local Patent Rules 3.3 and 3.4, Plaintiff's motion is denied as moot.

However, Plaintiff also requested that the Court "order [Defendant] to reimburse [Plaintiff] for the reasonable expenses it incurred in making [the instant] motion." Docket 51 at 12. As Special Master Cohen correctly pointed out, "[t]he rule applicable to [Plaintiff's] request is Fed. R. Civ. Pro. 37(a)." Under Fed. R. Civ. Pro. 37(a): "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Special Master Cohen recommended that the Court order Defendant to pay Plaintiff $5,000 in attorney's fees as the result of Plaintiff's motion.

The Court hereby adopts Section III.C. of the Report and Recommendation in part: Plaintiff's request for attorney's fees is GRANTED; however, the Court declines to adopt Special Master Cohen's recommendation of the monetary amount to be awarded. No later than July 26, 2012, Plaintiff shall file a bill of costs, together with affidavits of counsel, regarding the attorney's fees and expenses associated with the instant motion. Upon receipt, the Court shall determine a reasonable amount for the award.

II

On May 14, 2012, Plaintiff moved for Sanctions by Reason of Misconduct in Claim Construction Proceedings. Doc. 68. Defendant opposed the motion. Doc. 74 and 76. On June 4, 2012, Plaintiff replied in support of its motion for sanctions. Doc. 81.

Upon review of the briefings by both parties and the briefing related to this motion, the Court finds Plaintiff's motion not well-taken.  Plaintiff A.R. Arena Products, Inc.'s Motion for Sanctions by Reason of Misconduct in Claim Construction Proceedings (Doc. 68) is DENIED.

### III

On May 15, 2012, Plaintiff moved the Court, pursuant to Fed. R. Civ. P. 53 and the Court's February 21, 2012 Order of Appointment, to reallocate the costs of the Special Master to Defendant, Grayling Industries, Inc. Doc. 69-1.  Defendant opposed the motion, Doc. 75, and Plaintiff replied in support, Doc. 79.  The matter is now ripe for review.

When appointing the Special Master, the Court stated (in part) that "[t]he Special Master shall be compensated at his current rate of $365 per hour, with the parties bearing this cost equally (50% by the plaintiffs and 50% by the defendants). The Court may later re-allocate the proportionate share as between the parties, should circumstances make it appropriate."  Plaintiff states that Grayling is responsible for the necessity of a special master and for driving up the costs for the special master.  Because of this, Plaintiff requests that the Court reallocate 100% the costs of the Special Master to Defendant.

Federal R. Civ. Pro. 53(g)(3) directs the Court to allocate payment among the parties based on: "the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Of these factors, the most persuasive one to the Court is the factor of relative responsibility.  The Court finds that Defendant is the party primarily responsible for the involvement of the special master. Although Special Master Cohen recommended

denying the matter moot, he stated with certainty that Plaintiff's motion had merit and that absent Defendant's supplemental responses, he would have recommended that the Court grant the motion to compel. Moreover, the Report and Recommendation came with a specific warning to Defendant regarding its tactics during the discovery dispute. Upon review of the parties' briefing, the First Report and Recommendation of the Special Master, and considering the factors in Fed. R. Civ. Pro. 53(g), the Court allocates payment for the services of the special master associated with Plaintiff's motion to compel entirely to Defendant.

Plaintiff A.R. Arena Products, Inc.'s Motion to Reallocate Costs of the Special Master to Defendant Grayling Industries, Inc. (Doc. 69) is GRANTED. This re-allocation applies to the costs of the special master related to Plaintiff's motion to compel (Doc. 69); the Court's initial order equally dividing the costs of the special master remains in effect regarding all other matters addressed by Special Master Cohen.

IV

On June 5, 2012, Plaintiff requested oral argument on all motions currently pending before the Court. Doc. 83. Defendant opposed the motion. Doc. 88. During the telephone conference, both parties agreed that all matters had been adequately briefed and that oral argument was not necessary. The Court agrees. Plaintiff A.R. Arena Products, Inc.'s Motion for Oral Argument (Doc. 83) is DENIED.

Conclusion

Plaintiff A.R. Arena Products, Inc.'s Motion to Require and Direct Defendant to Comply with Local Patent Rules 3.3 and 3.4 (Doc. 31) is GRANTED IN PART and DENIED IN PART. Defendant Grayling Industries, Inc.'s Motion for Leave to File a

5

Reply Brief to Plaintiff's Supplemental Brief in Opposition to Plaintiff's Motion to Require and Direct Defendant to Comply with Local Patent Rules 3.3 and 3.4 (Doc. 55) is GRANTED. Plaintiff A.R. Arena Products, Inc.'s Motion for Sanctions by Reason of Misconduct in Claim Construction Proceedings (Doc. 68) is DENIED. Plaintiff A.R. Arena Products, Inc.'s Motion to Reallocate Costs of the Special Master to Defendant Grayling Industries, Inc. (Doc. 69) is GRANTED. Plaintiff A.R. Arena Products, Inc.'s Motion for Oral Argument (Doc. 83) is DENIED.

IT IS SO ORDERED.

 July 18, 2012      /s/ Judge John R. Adams
Date       JUDGE JOHN R. ADAMS
       UNITED STATES DISTRICT COURT